UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:05-cr-87-J-25MCR

BOEING TILE AND MARBLE, INC.

## PLEA AGREEMENT

A.   **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, BOEING TILE AND MARBLE, INC. (BOEING), and the attorney for the defendant, Mitchell A. Stone, Esq., mutually agree as follows:

1.   **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with harboring aliens who are illegally in the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii).

2.   **Maximum Penalties**

Count One carries a maximum a fine of $500,000, and a special assessment of $400 per felony count, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the

Defendant's Initials _____   AF Approval _____

Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. **Elements of the Offense**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That the aliens entered and remained in the United States in violation of law;

Second: That the Defendant knowingly harbored the aliens within the United States;

Third: That the Defendant either knew or acted in reckless disregard of the fact that the aliens entered and remained in the United States in violation of law; and

Fourth: That the Defendant committed such offense for the purpose of commercial advantage.

4. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge Lawrence Schmidt, President and Chairman of the Board of Directors for BOEING, or his wife, Jennifer Franks Schmidt, with harboring of the illegal aliens [in violation of Title 8, United States Code 1324(a)(1)(A)(iii)] mentioned in this plea agreement with the exception that Lawrence Schmidt agrees to plead guilty to the misdemeanor offense of continuing to employ aliens that he knew were not authorized to work in the United States, in violation of Title 8, United States Code, Section _1324a.(a)(2)_ . This agreement is binding only on the United States Attorney's Office for the Middle District of Florida, and it does

Defendant's Initials _____            2

not prohibit any department, agency or office of the United States from pursuing any remedies or sanctions available under the law related to the conduct giving rise to this plea agreement.

5. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a 2004 Dodge Pickup Truck, VIN 1D7HA18DX4S746761, registered to Boeing Tile and Marble Inc. and Jennifer J. Schmidt.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to

Defendant's Initials _____ 3

Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property

Defendant's Initials _____                              4

(substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

B. **Standard Terms and Conditions**

  1. **Restitution, Special Assessment and Fine**

   The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____            5

2. **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations

Defendant's Initials _____         6

to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. **<u>Sentencing Guidelines and Recommendations</u>**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding the potential application of the sentencing guidelines to defendant's case and any recommendations by the government are not binding on the United States Probation Office or the Court and that, should any recommendations be rejected, and regardless of the guidelines calculated by the Probation Office or the Court, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Probation Office or the Court may

Defendant's Initials _____          7

make with regard to the defendant's sentencing guidelines or sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. **Appeal of Sentence; Waiver**

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _____                        8

7. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the

Defendant's Initials _____                9

Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____      10

11. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 19th day of March, 2005.

_____
LAWRENCE SCHMIDT,
PRESIDENT AND DIRECTOR
BOEING TILE AND MARBLE, INC.
Defendant

By: _____
PAUL I. PEREZ,
United States Attorney

MICHAEL F. GALLAGHER
Assistant United States Attorney

_____
MITCHELL A. STONE, ESQ.
Attorney for Defendant

_____
BRIAN M. KANE
Chief Assistant United States Attorney
Jacksonville Division

Defendant's Initials _____          11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 3:05-cr-

BOEING TILE AND MARBLE, INC.

_____

PERSONALIZATION OF ELEMENTS

1. From on or about September 19, 2004, through on or about February 10, 2005, did you know that the men living in apartments 26, 47, 50, and 266 in the Bay Pointe Apartment complex in Jacksonville were aliens who entered or remained in the United States in violation of law?

2. Did you knowingly harbor the illegal aliens within the United States, that is, did you knowingly rent using corporate funds living accommodations for illegal aliens at the Bay Point Apartment complex in Jacksonville?

3. Did you know or act in reckless disregard of the fact that the aliens entered and remained in the United States in violation of law?

4. Did you harbor these illegal aliens for the purpose of commercial advantage, that is, did you provide living accommodations for the illegal aliens so they could work for Boeing Tile and Marble, Inc.?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No. 3:03-cr-

BOEING TILE AND MARBLE, INC.

_____

## FACTUAL BASIS

The defendant, BOEING Tile and Marble, Inc. (BOEING) is a Florida corporation which was incorporated on January 20, 2004. Lawrence Schmidt is the president, secretary and sole director of BOEING. BOEING is in the business of installing tile in residential and commercial construction. *Boeing has executed a Resolution Authorizing the Corporation to Enter a Plea to this Charge which is attached as Exh. b.1 A*

In or about May 2004, BOEING, through its president, Lawrence Schmidt, was advised that employees living in four apartments BOEING rented or caused to be rented at 4375 Confederate Point in Jacksonville, Florida, were Brazilian citizens illegally in the United States and were not authorized to work in the United States. The Brazilian workers were administratively arrested and scheduled for immigration hearings to show cause why they should not be deported/removed from the United States. In or about early September 2004, BOEING terminated or caused the termination of the leases of the apartments at 4375 Confederate Point.

On or about September 19, 2004, BOEING rented or caused to be rented apartment numbers 26, 50, and 266 at the Bay Point Apartment complex in Jacksonville, Florida. The apartments were paid for by corporate checks drawn on the bank account of BOEING. BOEING rented the apartments to house approximately ten Brazilian citizens. Many of the

Defendant's Initials _____

Brazilian citizens residing in these apartments were the same people who previously resided at 4375 Confederate Point. The Brazilians were unable to rent apartments themselves because they were illegally in the United States and did not have identification.

The Brazilians either entered the United States illegally without inspection or overstayed their visas. None of the Brazilians were legally in the United States or authorized to work in the United States. All ten of the Brazilians worked for BOEING as tile installers. The leases at the Confederate Point apartment complex were later terminated.

Later, Immigration Service investigation showed that BOEING rented apartment numbers 26, 47, 50 and 266 at an apartment complex located at 4500 Baymeadows Road, Jacksonville, Florida.

On December 28, 2004, agents from ICE Jacksonville Office contacted the residents of 4500 Baymeadows Road, apartment numbers 26, 50, and 266. Agents made contact with the residents of the stated apartments and advised that they were ICE agents and were there to inquire as to the occupants current immigration status in the United States. In apartment 50, all seven occupants admitted that they were Brazilian citizens illegally in the United States. In apartment 266, two of the four occupants were Brazilian citizens illegally in the United States. In apartment 26, all five of the occupants were Brazilian citizens illegally in the United States. The illegal aliens were placed under arrest and were transported to the ICE Jacksonville Office for processing. During processing, several of the Brazilian citizens admitted that they were employees of BOEING, and that money was deducted from their pay for the apartments that BOEING rented for them to live in.

In or about November 2004, BOEING and its directors used money generated by BOEING from employing the illegal aliens housed as described above to purchase a 2004

Defendant's Initials _____                 2

Dodge Pickup Truck, a vehicle identification number 1D7HA18DX4S746761 registered to Boeing Tile and Marble Inc. and Jennifer J. Schmidt. Mrs. Schmidt agrees that the Dodge truck was purchased with proceeds from BOEING and will not make any claim of partial ownership of the truck. BOEING and its directors have passed a corporate resolution agreeing to forfeit the truck to the United States.

Defendant's Initials _____                3

## UNANIMOUS WRITTEN CONSENT TO RESOLUTION IN LIEU OF SPECIAL MEETING OF THE BOARD OF DIRECTORS OF BOEING TILE & MARBLE, INC.

Pursuant to the authority contained in Section 617.0821, Florida Statutes, the adoption of the following resolution is consented to by the undersigned, who is the sole Director of the Board of Directors named in the Articles of Incorporation of this Corporation:

> RESOLVED, Lawrence Schmidt and/or Mitchell A. Stone, as counsel for the Corporation in the below referenced case, are hereby authorized to take all actions to appear for and on behalf of Boeing Tile & Marble, Inc., in the case of United States of America vs. Boeing Tile & Marble, Inc., Middle District of Florida Case No.: 3:05-M-0042-TEM [hereinafter "case"].
>
> RESOLVED FURTHER, Lawrence Schmidt and/or Mitchell A. Stone, as said counsel for the Corporation, are hereby authorized to enter into a plea agreement on behalf of Boeing Tile & Marble, Inc., in said case. The Corporation waives its appearance at any hearing on said plea and/or sentencing in said case, and directs Lawrence Schmidt and/or Mitchell A. Stone to appear on its behalf.
>
> RESOLVED FURTHER, that Lawrence Schmidt and /or Mitchell A. Stone, as said counsel for the Corporation, be and are hereby authorized and directed to enter and execute any and all documents required to consummate said plea agreement.

IN WITNESS HEREOF, the undersigned, being the sole Director and shareholder of Boeing Tile & Marble, Inc., has fully executed this Consent, and waives notice of the time, place and purpose of the adoption of the foregoing resolution and the taking of the foregoing actions.

_____
Lawrence Schmidt, as President and sole
Director and Shareholder

Date  3.25.05